# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13 CV 1184 DDN |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This action is before the court on the motion of the defendant Commissioner to reverse and remand the decision of the Commissioner of Social Security regarding plaintiff to the Social Security Administration under Sentence 4 of 42 U.S.C. § 405(g). (Doc. 22.) Specifically, the Commissioner moved to remand and reverse to allow the reconsideration of plaintiff's past relevant work, her ability to perform past relevant work, the Medical Vocational Guidelines, and her ability to perform other work that exists in significant numbers.

Plaintiff replies that reversal and remand for an immediate award of benefits rather than reconsideration is the appropriate remedy because her work as a medical secretary and receptionist are outside the fifteen-year window that defines past relevant work. Plaintiff further states that the Medical Vocational Guidelines direct a finding of disability for plaintiff's residual functional capacity as determined by the ALJ. Alternatively, plaintiff argues that the reversal and remand should also require reevaluation of plaintiff's residual functional capacity and credibility.

The Commissioner does not object to the plaintiff's alternative argument but denies that an immediate award of benefits is the appropriate remedy. The Commissioner concedes that plaintiff's work as a medical secretary and receptionist is outside the fifteen-year window but argues that the ALJ did not consider the evidence in the record that indicates that her past relevant work includes her employment as a customer service representative.

"In determining whether a claimant can perform his or her past relevant work, social security regulations provide that the ALJ should normally only consider work that meets the

following requirements: (1) the claimant performed the work in the prior 15 years; (2) the work lasted long enough for the claimant to learn to do it; and (3) the work was substantial gainful activity." Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998); 20 C.F.R. § 416.965(a). "'Substantial gainful activity' is defined by the Social Security regulations as work that involves doing significant and productive physical or mental duties and is done (or is intended) for pay or profit." Terrell, 147 F.3d at 661; 20 C.F.R. § 416.910. "Reversal and remand for an immediate award of benefits is the appropriate remedy where the record overwhelmingly supports a finding of disability." Pate-Fires v. Astrue, 564 F.3d 935, 947 (8th Cir. 2009).

The record contains evidence that plaintiff's employment as a customer service representative constitutes past relevant work, which the ALJ did not discuss. (Tr. 28, 109-10, 116, 130, 140, 142.) However, it contains insufficient evidence of the physical and mental demands of such work, which is necessary to determine disability. Therefore, the court cannot conclude that the record overwhelmingly supports a finding of disability.

Accordingly, the court reverses and remands the decision of the Commissioner of Social Security to the Social Security Administration for further proceedings in which the ALJ shall further develop the record. Specifically, the ALJ shall reevaluate the RFC determination and credibility determination. The ALJ shall then reassess plaintiff's past work and determine whether she has past relevant work or transferrable skills. If the ALJ finds that plaintiff has past relevant work, the ALJ shall consider whether or not plaintiff is disabled at Step 4 of the sequential evaluation process. If the ALJ finds that plaintiff has not past relevant work or that she cannot perform past relevant work, the ALJ shall apply the Medical Vocational Guidelines. If the ALJ does not find plaintiff disabled under the Medical Vocational Guidelines, the ALJ shall continue with Step Five of the sequential evaluation process to determine whether or not there is any other work existing in significant numbers that plaintiff can perform.

        /S/   David D. Noce      
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 20, 2014.